ALERS ET AL., APPELLANTS, *v.* CAMPS ET AL., RESPONDENTS.

APPEAL from the District Court of Mayagüez.

No. 939.—Decided June 28, 1913.

INHERITANCE—COLLATION—MERGER—CONFUSION OF RIGHTS.—According to section 1001 of the Revised Civil Code, in order that a prayer for collation may be

sustained it is an indispensable requisite that there be a plurality of heirs at law, therefore when, as in the case at bar, there are only two heirs at law and one conveys all of his hereditary rights to the other, thus merging in one the right to the collation and the duty of performing it, said obligation is extinguished by confusion of rights.

COMMUNITY PROPERTY—MINORS—ACTION COMMUNI DIVIDUNDO.—In an action *communi dividundo* brought under section 407 of the Revised Civil Code it is not necessary to allege in the complaint that the other joint owners have not agreed that the property be adjudicated to one of them who shall indemnify the others, in accordance with section 411 of the same code, because, apart from the fact that the defendants, being minors, cannot alienate their joint-ownership rights without judicial authorization, said allegation may be made a matter of defense.

The facts are stated in the opinion.

*Mr. José Benet* for appellants.

The respondents did not appear. .

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 22, 1911, Ramón, Tomás and Providencia Vicente y Camps filed a sworn complaint against the above-named defendants in the District Court of Mayagüez praying for a judgment decreeing:

*First.* That the property delivered by Julia Alers y Larroni to her daughter, Julia Camps y Alers, should be restored to the hereditary estate of the late Julia Alers y Larroni and figured in the legitime of Armanda Castejón, daughter of the said Julia Camps y Alers and joint heir with Antonia Camps y Alers of the same; that, consequently, the defendant, Antonia Camps y Alers, assignee of Armanda Castejón, should deliver to the three plaintiffs and to the defendants, Rafael, Ernesto, Eliodoro, Gloria, and Isabel Lucía Vicente y Camps—the eight being the legatees of a third part of the estate of Julia Alers Larroni—the sum of $500 received by her over and above the amount lawfully due her from the proceeds of the liquidation of said estate.

*Second.* That the defendant, Antonia Camps y Alers, should pay to the three plaintiffs and their brothers and sisters, five of the defendants herein, the sum of $120 as rents and profits from a rural estate adjudicated to the said lega-

tees and received by the defendant, the said amount not having been delivered to them by her.

*Third.* That the property adjudicated in undivided joint ownership to the legatees be sold at public auction.

The plaintiffs allege the following facts as constituting their three causes of action:

*First.* That Julia Alers y Larroni, widow of Ramón Camps, died in Mayagüez on March 4, 1906, and left a will executed February 6, 1906, in which she designated her daughter, Antonia Camps y Alers, one of the defendants in this action, and her grand-daughter, Armanda Castejón y Camps, as her sole and universal heirs, devising the third portion of her estate, of which she had the free disposal, to her eight grandchildren, Ramón, Tomás, and Providencia, plaintiffs herein, and Rafael, Ernesto, Eliodoro, Gloria, and Isabel Lucía, minors, made parties defendant herein because they would not consent to join in this action as plaintiffs.

*Second.* That the following is a literal copy of the third clause of said will: "Señora Alers states that when her daughter Julia married Castejón the testatrix delivered to her the sum of 7,000 *pesos* in the money current at that time, consisting of 2,000 *pesos* in cash and the remaining 5,000 *pesos* in a first mortgage on the plantation Coloso." And the plaintiffs allege that the said sum was delivered by Julia Alers y Larroni in consideration of the marriage of her daughter and should be included in her legitime, or, rather that of her representative, Armanda Castejón.

*Third.* That by a public instrument executed in the city of Huesca, Spain, on October 13, 1909, Armanda Castejón y Camps assigned to the defendant, Antonia Camps y Alers, all the rights and interests which she might have in the inheritance from her grandmother, Julia Alers.

*Fourth.* That in the partition of the estate of Julia Alers y Larroni, approved by the District Court of Mayagüez on September 2, 1910, there was adjudicated to Antonia Camps y Alers in her own right and as assignee of the rights of the

other heiress, Armanda Castejón, an interest of $2,000 made up as follows: $1,400, the value of a masonry building and lot situated at No. 49 San José Street, Mayagüez, and $600, the value of an undivided half ownership of another masonry building situated on Santo Tomás Street of the said city of Mayagüez. The other eight legatees were adjudicated the sum of $1,000 in a masonry building, No. 3 Méndez Vigo Street, Mayagüez, valued at that sum. The property delivered by the testatrix to her daughter Julia, mother of the heiress Armanda Castejón, was not included in the hereditary estate, for which reason the defendant, Antonia Camps y Alers, should refund to the plaintiffs the sum of $500, to which amount they are entitled.

*Fifth.* That the defendant, Antonia Camps, took possession of the one-story masonry building situated on Méndez Vigo Street which was adjudicated to the legatees and since the date of the partition of the estate has been collecting and enjoying the rents of the said house to the prejudice of the plaintiffs and their minor brothers and sisters, defendants herein, in the sum of $120.

*Sixth.* That the plaintiffs having the necessary legal capacity to contract and to manage their property freely, they wish to separate their shares in the common property from those of their brothers and sisters, the defendants.

Upon being summoned, the defendants did not appear to answer the complaint and default was entered against them on October 5, 1911. Notwithstanding this, they appeared at the trial through their attorney, Angel A. Vázquez, who demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was argued and the court reserved its decision thereon and ordered the trial to proceed. Judgment was rendered on December 19, 1911, sustaining the complaint on the second cause of action and adjudging that the defendant, Antonia Camps y Alers, pay to the plaintiffs, Ramón, Tomás, and Providencia, and to the defendants, Rafael, Ernesto, Eliodoro, Gloria, and Isabel

Lucía, all surnamed Vicente Camps, in equal shares, the sum of $120 claimed, and dismissing the complaint as to the other two causes of action on the ground that it did not state facts sufficient to constitute those two causes of action. The costs were not imposed upon either party.

The attorney for the plaintiffs appealed from the part of the judgment adverse to them—that is, from the part dismissing the first and the third prayers of the complaint and expressed their conformity with the same as regards the part sustaining the second prayer.

The present appeal presents two legal questions for our consideration.

1. Whether the facts stated in the complaint are sufficient to justify the application of section 1001 of the Civil Code.

2. Whether those same facts determine the applicability of section 411 of said code.

. Section 1001 of the code reads as follows:

"Section 1001.—An heir by force of law surviving with others of the same character to a succession must bring into the hereditary estate the property or securities he may have received from the deceased during the life of the same, by way of dowry, gift, or for any good consideration, in order to compute it in fixing the legal portions and in the account of the division."

In commenting on article 1035 of the Spanish Civil Code, which is precisely the same as section 1001 of the Revised Civil Code above quoted, Manresa says:

"The *collatio bonorum* is imposed upon every person who is considered by law as an heir-at-law when he is a joint heir with another heir or other heirs of the same character to a testate or intestate estate. When there is only one heir-at-law it is not imposed and could have no object." * * *

Commenting on said article 1035 of the Spanish Civil Code, reproduced in section 1001 of our code, Scaevola says:

"In order that such obligation may be enforced it is necessary that there be a plurality of heirs-at-law, for when there is only a single heir there would be no one to receive the property or securities contributed to the hereditary estate. * * *. The persons to whom the *collatio bonorum* is due are the other heirs-at-law."

It follows, then, according to section 1001 of the Civil Code in force as construed by the learned commentators, Manresa and Scaevola, that in order to require that the property shall be restored to the estate as provided in said section it is indispensable that the heir-at-law who should bring it in is a joint heir with other heirs to the same estate.

It is true that in the present case Julia Alers y Larroni named her daughter, Antonia Camps y Alers, and her grandchild, Armanda Castejón y Camps, as her sole heirs, there being therefore more than one heir, but as the latter transferred her hereditary rights to the former, the defendant, Antonia Camps y Alers, became the only heir of the testatrix, thus merging in herself the right to the collation of property which she might have and the duty of making said collation which the other heir had as the representative of her deceased mother, Julia Camps y Alers. The obligation to collate became extinguished by the merger in a certain manner in one single person, Antonia Camps y Alers, of the character of debtor and creditor.

We are of the opinion that the facts stated in the complaint do not constitute a cause of action in regard to the collation of property prayed for.

In regard to the second legal question referred to, section 411 of the Civil Code reads:

"Section 411.—When the thing held in common is essentially indivisible, and the part-owners cannot agree that it be adjudged to one of them, he indemnifying the others, then it shall be sold and the proceeds distributed."

The complaint shows that the common and undivided ownership of a masonry building situated at No. 3 Méndez Vigo

Street, Mayagüez, was adjudicated to the three plaintiffs and their brothers and sisters, five of the defendants, and that the three plaintiffs pray that the said house be sold at public auction and the corresponding parts of the proceeds be delivered to them.

It is true that the plaintiffs do not state that the joint-owners have not agreed that said house be adjudicated to one of them who would indemnify the others, but we do not consider that such an allegation is necessary for acknowledgment of their right granted in section 407 of the same code, reading as follows:

"Section 407.—No part-owner shall be obliged to remain a party to the common ownership. Each of them may, at any time, demand the division of the thing held in common.

"Nevertheless, the stipulation of keeping the thing undivided, for a stated period of time, not exceeding ten years, shall be valid. This term may be extended by a new agreement."

If the defendant joint-owners desire that the thing in common be adjudicated to one of them, he to indemnify the others, such allegation may be a ground of defense, but it is not necessary for the bringing of the action *communi dividundo*.

It happens, also, in the present case that the defendant joint-owners of the house are minors and cannot alienate their rights of joint ownership without judicial authorization.

We are of the opinion that the complaint states facts sufficient to support an action *communi dividundo*.

Included in the record is a statement of the case which does not appear to be approved and signed by the judge, therefore we are unable to give it any consideration.

For the foregoing reasons we are of the opinion that the judgment appealed from should be affirmed in so far as it denies the collation prayed for by the plaintiffs, and reversed as to that part refusing to order the sale at public auction of house No. 3 Méndez Vigo Street on the ground that the facts alleged in the complaint do not constitute a cause of action.

The lower court should proceed in accordance with the principles laid down in this opinion and with the legal provisions applicable to the case.

> *Affirmed in part and reversed in that part which decrees that the house in litigation may not be sold at public auction.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.